THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EARL L. STAHL,<br><br>　　　　　Defendant. | CASE NO. CR10-0309-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

　　　　This matter comes before the Court on Defendant Earl Stahl's motion for early termination of supervision (Dkt. No. 55). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

　　　　On November 18, 2011, Defendant was sentenced to 57 months of imprisonment after pleading guilty to one count of Distribution of Oxycodone. (Dkt. No. 37.) On December 19, 2014, his sentence was reduced to time-served due to retroactive amendments to the sentencing guidelines. (Dkt. No. 48.) Defendant began his three-year term of supervised release on October 30, 2015. (*See* Dkt. No. 49.) U.S. Probation reports that Defendant has done well on supervision and that he is able to support himself financially. (Dkt. No. 55 at 2–3.) Defendant had only one positive urinalysis in 2015. (Dkt. No. 50.) U.S. Probation and the Government do not oppose this motion. (Dkt. No. 55 at 2–3.)

ORDER GRANTING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED
RELEASE
PAGE - 1

In its evaluation of early termination, the Court must consider several factors outlined in 18 U.S.C. § 3553, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity. 18 U.S.C. § 3583(e). As the Second Circuit has articulated, early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

Based on the facts outlined above, the Court concludes that Defendant's term of supervised release should be terminated. He has demonstrated exceptionally good behavior and the motion is unopposed. Therefore, the motion for early termination of supervised release (Dkt. No. 55) is GRANTED. Defendant's term of supervised release shall be TERMINATED, effective immediately. The Court DIRECTS the Clerk to send copies of this order to all counsel of record and to the U.S. Probation Office. The Court also DIRECTS the Clerk to terminate Defendant's first motion for early termination (Dkt. No. 54) because the second unopposed motion was meant to replace the first.

DATED this 26th day of July 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE